U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
APR 17 2023
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
)
v. ) No. 1:23-cr-00030-JL
)
ZACHARY JANAS )
)

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorney, Jane E. Young, United States Attorney for the District of New Hampshire, and the defendant, Zachary Janas, and his attorney, Murdoch Walker, II, Esquire, enter into the following Plea Agreement.

1. <u>The Plea and Offense</u>.

The defendant agrees to waive his right to have this matter presented to a grand jury and plead guilty to Counts One and Two of the Information, which respectively charge him with distribution and possession with intent to distribute a controlled substance, specifically, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2. <u>The Statute and Elements of the Offenses</u>.

   A. <u>Counts One and Two - 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi)</u>

21 U.S.C. § 841(a)(1) provides, in pertinent part:

**(a)** Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally–

> **(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841(a)(1) (West 2021).

The defendant understands that the offense contained in Count One of the Information has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    <u>First</u>, On the date alleged in the Information, the defendant transferred a controlled substance to another person;

    <u>Second</u>, the defendant knew the substance was a controlled substance;

    <u>Three</u>, that the defendant acted intentionally, that is, it was his conscious object to transfer the controlled substance to another person.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.21.841(a)(1)B. http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

The defendant understands that the offense contained in Count Two of the Information has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    <u>First</u>, that on the date alleged in the Information, the defendant possessed a controlled substance, either actually or constructively;

    <u>Second</u>, that he did so with the specific intent to distribute the controlled substance over which he had actual or constructive possession; and

    <u>Third</u>, that he did so knowingly and intentionally.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.21.841(a)(1)A. http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

3

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

On September 21, 2021, a Federal Bureau of Investigation ("FBI") confidential human source ("CHS") arranged through text messages with the defendant, Zachary Janas, to purchase one-half kilogram of fentanyl from the defendant at his residence in Manchester, New Hampshire.

In anticipation of this meeting, members of the FBI and the New Hampshire State Police ("NHSP") established surveillance in the vicinity of the defendant's residence. Prior to the meeting, FBI agents met with the CHS and searched the CHS and CHS's vehicle for unexplained currency, weapons, and contraband with negative results. FBI agents provided the CHS with audio transmitting and audio and video recording equipment, as well as $7,500 in serialized currency.

FBI and NHSP surveillance units followed the CHS's vehicle to the defendant's residence. Once there, the CHS met briefly with the defendant in the garage and provided the defendant with $7,000 before both the CHS and the defendant entered the CHS's vehicle. The defendant directed the CHS to drive to a location in Goffstown, New Hampshire, where a male entered the rear passenger seat of the CHS's vehicle. The male provided the defendant with a black plastic bag that the CHS believed contained one kilogram of fentanyl. The defendant handed the male a quantity of cash and the male exited the vehicle.

The CHS drove the defendant back to his residence where the two entered the garage. The defendant divided the suspected fentanyl in half and provided the CHS with what the United States Drug Enforcement Administration laboratory ("DEA lab") later determined to be 498

4

grams of fentanyl. The CHS departed the defendant's residence under FBI surveillance and drove directly to a meeting location where the CHS provided FBI agents with the drugs and $500 of unused currency.

On September 24, 2021, FBI agents and local law enforcement executed a federal search warrant at the defendant's residence and seized personal use quantities of fentanyl and methamphetamine, pre-packaged baggies containing varying quantities of fentanyl packaged for distribution, and approximately $7,080 cash. The defendant directed FBI agents to the garage where he had stored what the DEA lab later determined to be 499.6 grams of fentanyl packaged in 100-gram clear plastic baggies for distribution.

The defendant also directed FBI agents to the basement of 15 College Road where the defendant had seven firearms and miscellaneous ammunition to include:

- a Smith and Wesson M&P .45 caliber pistol bearing serial number DSN6013 with a loaded magazine;

- a CZ Scorpion EVO 3 S1 9 mm pistol bearing serial number F075422;

- a Jennings J-22 .22 caliber pistol bearing serial number 171182;

- a Smith and Wesson M&P .40 caliber pistol bearing serial number MPN1128 with a loaded magazine;

- a Remington 870 Express Magnum 12-gauge shotgun bearing serial number C642601M;

- a Model 1893 lever action rifle bearing serial number 297671;

- a Springfield Model 83 bolt action .22 caliber rifle with no visible serial number; and

- miscellaneous loose ammunition and magazines located in the defendant's basement and garage.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offenses are:

    <u>With Respect to Counts One and Two:</u>

    A. A maximum prison term of 20 years (21 U.S.C. § 841(b)(1)(C)).

    B. A maximum fine of $1,000,000 (21 U.S.C. § 841(a)(1)(C)).

    C. A term of supervised release of at least three (3) years and not more than life. (21 U.S.C. § 841(b)(1)(C)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release;

    D. A mandatory special assessment of $200, $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)); and

    E. In addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

    To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

    The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that the defendant has no right to withdraw the

defendant's guilty plea if the applicable advisory guideline range or the defendant's sentence is other than the defendant anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

    A.    advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

    B.    respond to questions from the Court;

    C.    correct any inaccuracies in the pre-sentence report;

    D.    respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663.

    6.    <u>Stipulations and Other Agreements</u>.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant stipulate to the following:

The government agrees to recommend a sentence at the low end of the applicable advisory United States Sentencing Guideline range as determined by the Court.

The defendant understands that the Court is not bound by the foregoing agreement and, with the aid of a pre-sentence report, the Court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    A.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    B.    challenges the United States' offer of proof at any time after the plea is entered;

    C.    denies involvement in the offense;

    D.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.  fails to give complete and accurate information about the defendant's financial status to the Probation Office;

F.  obstructs or attempts to obstruct justice, prior to sentencing;

G.  has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.  fails to appear in court as required;

I.  after signing this Plea Agreement, engages in additional criminal conduct; or

J.  attempts to withdraw the plea of guilty.

If the defendant's offense level is sixteen or greater, and the defendant has assisted the United States in the investigation or prosecution of the defendant's own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that the defendant may not withdraw the defendant's guilty plea if, for any of the reasons listed above, the United States does not recommend that the defendant receive a reduction in the defendant's sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce the offense level if it finds that the defendant has not accepted responsibility.

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant. The defendant understands that the defendant has the right:

- A. to plead not guilty or to maintain that plea if it has already been made;
- B. to be tried by a jury and, at that trial, the right to the assistance of counsel;
- C. to confront and cross-examine witnesses against the defendant;
- D. not to be compelled to provide testimony that may incriminate the defendant; and
- E. to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant acknowledges that the defendant:

- A. is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty;
- B. is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in this Plea Agreement or revealed to the Court;

10

C. is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D. understands the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law; and

E. is completely satisfied with the representation and advice received from the defendant's undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the defendant's plea of guilty. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending, or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that the defendant will be adjudicated guilty of the offense to which the defendant will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible

removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his

guilty plea.

13. Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all property subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, including, but not limited to: (A) One J. Stevens Arms Co., Springfield 83, .22 caliber rifle, obliterated serial no.; (B) One Marlin 1893, .32-40 caliber rifle, serial no. 297671; (C) One Remington 870 Express Magnum, 12 gauge shotgun, serial no. C642G01M; (D) One Smith & Wesson M&P 40, .40 caliber pistol, serial no. MPN1128; (E) One Jennings J-22, .22 caliber pistol, serial no. 171182; (F) One CZ Scorpion EVO 3 S1, 9mm rifle, serial no. F075422; (G) One Smith & Wesson M&P 45, .45 caliber pistol, serial no. DSN6013; (H) One magazine with 8 rounds of .45 caliber ammunition; (I) One Magazine and 10 rounds of .40 caliber ammunition; (J) Two CZ 20 round 9mm magazines; (K) One CZ 30 round 9mm magazine; (L) One 10 round .40 caliber magazine; (M) Assorted ammunition: 311 9mm rounds, 132 .40 caliber rounds, seventeen R&P .40 caliber rounds, three Winchester hollow point rounds, one .40 caliber Blazer round, one Winchester .40 caliber round, fifty Remington 12 gauge rounds, twelve Federal 12 gauge rounds, fifty Blaze .22 caliber rounds, ten Winchester 12 gauge rounds, twenty-five Remington hollow point .40 caliber rounds, fifty Federal .40 caliber rounds, fifty "F" .22 caliber rounds, twenty-two Winchester .22 caliber rounds, fifty Gold Dot .40 caliber rounds, sixty-six Super X .22 caliber rounds, two Blazer 9mm rounds, and one Fiocci 9mm round; and (N) Approximately $7,079.00 in U.S. Currency, more or less, all seized from Zachary Janas on September 24, 2021 ("Forfeitable Property").

The defendant further agrees:

A. Not to contest any administrative, civil, or criminal forfeiture proceedings commenced against the Forfeitable Property. Defendant waives the 60- or 90-day notice

13

requirement under 18 U.S.C. § 983 for administrative forfeiture. Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed on behalf of himself or any other individual or entity, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

B. That none of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

C. To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (i) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (ii) the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, (iii) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

D. To waive and release any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

E. To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure,

detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal conduct.

14. <u>Waivers</u>.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts.

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

15. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and his attorney and until signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

Dated: 4/17/2023

JANE E. YOUNG
United States Attorney

By: *Jenny C Davis*

Jennifer Cole Davis
Assistant U.S. Attorney
NH Bar Association # 10222
53 Pleasant St., 4th Floor
Concord, NH 03301
jennifer.c.davis@usdoj.gov
(603) 225-1552

17

The defendant, Zachary Janas, certifies that he has read this 17-page Plea Agreement and that he fully understands and accepts its terms.

Date: 4/17/2023

_____
Zachary Janas, Defendant

I have read and explained this 17-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 4/17/2023

_____
Murdoch Walker, II, Esquire
Attorney for Zachary Janas

Date: 4/13/2023

_____
Amy B. McGarry, Esquire
Pro Hac Vice Attorney for Zachary Janas